IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **VICTOR AGUIRRE, On Behalf of Himself and On Behalf Of All Others Similarly Situated,** <br><br> **Plaintiff,** <br> v. <br><br> **PANDA GARDEN.** <br><br> **Defendant.** | **CIVIL ACTION NO. _____** <br><br> **JURY TRIAL DEMANDED** |

### **PLAINTIFF'S ORIGINAL COMPLAINT – COLLECTIVE ACTION**

Victor Aguirre, Plaintiff, complains of Panda Garden, Defendant, and for cause of action against it would show the Court as follows:

1. INTRODUCTION & JURY DEMAND

1.1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

1.2. Defendant required and/or permitted Plaintiff to work in excess of forty (40) hours per week, but refused to compensate him for such hours at the overtime rate required under the Fair Labor Standards Act ("FLSA"). Furthermore, Defendant failed to compensate Plaintiffs at the FLSA mandated minimum wage rate. Specifically, Plaintiff was a kitchen worker at Defendant's restaurant. Defendant paid Plaintiff straight time wages for all hours worked including overtime.

1.3. Consequently, Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at the FLSA mandated overtime wage rate and their regular hours worked at the FLSA mandated minimum wage rate. *See* 29 U.S.C. § 206 and 29 U.S.C. § 207(a).

1.4. Defendant's other kitchen employees were subject to the same FLSA violations. Plaintiff hereby files this action to recover overtime and minimum wage compensation owed to him individually, and on behalf of all other similarly situated employees (hereinafter the "Class Members").

## 2. PARTIES & PERSONAL JURISDICTION

2.1. Plaintiff Victor Aguirre is a resident of Houston, Harris County Texas. At all times relevant to this action he was a resident of the Southern District of Texas.

2.2. Defendant Panda Garden operates a restaurant in Fort Bend County, Texas. This Defendant may be served process at: 3563 Hwy 6, Sugar Land, Texas 77478.

2.3. The Class Members are all of Defendant's current and former kitchen employees who worked at any time starting three years before this Complaint was filed up to the present.

## 3. VENUE

3.1. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas.

## 4. SUBJECT MATTER JURISDICTION

4.1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

## 5. COVERAGE

5.1. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

5.2. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

5.3. At all material times, Defendant has been an enterprise in commerce or in the production of goods for commerce within the meaning of §3(s)(1) of the FLSA because it has had employees engaged in commerce. 29 U.S.C. §203(s)(1).

5.4. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

5.5. Defendant has had, and continues to have, an annual gross business volume in excess of the statutory standard.

## 6. FACTS

6.1. Defendant owns and manages a Chinese food restaurant located at 3563 Hwy 6, Sugar Land, Texas.

6.2. Defendant employs various kitchen workers ("cooks") who provide food cleaning, cooking and other food preparation services to Defendant's restaurant patrons.

6.3. Plaintiff was a cook at Defendant's restaurant kitchen from on or about March 2011 to February 2013.

6.4. Plaintiff routinely worked on average seventy two (72) hours per workweek.

6.5. Plaintiff was paid a set wage regardless of the number of hours that he worked.

6.6. Defendant paid Plaintiff "straight time" for all hours worked.

6.7. Plaintiff did not receive any additional pay for hours worked over forty in a workweek.

6.8. Plaintiff did not manage other employees.

6.9. Plaintiff is a non exempt employee.

6.10. Although the Plaintiff was required to and in fact did frequently work more than forty hours per week, he was not compensated at the FLSA mandated time-and-a-half rate for hours worked in excess of forty.

6.11. Furthermore, Plaintiff was not compensated at the FLSA mandated minimum wage rate for hours worked.

6.12. Consequently, Defendant's method of paying Plaintiff was in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## 7. COUNT ONE: OVERTIME VIOLATION

7.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

7.2. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. §207.

7.3. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendant or the Plaintiff.

## 8. COUNT TWO: MINIMUM WAGE VIOLATION

8.1. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

8.2. Defendant's practice of failing to pay Plaintiff at the required minimum wage rate violates the FLSA. 29 U.S.C. §206.

8.3. None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to the Defendant or the Plaintiff.

## 9. COLLECTIVE ACTION ALLEGATIONS

9.1. Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty hours per workweek and have been denied pay at the federally mandated minimum wage rate. That is, Plaintiff worked with other cooks at

Defendant's kitchen. These employees have reported that they were subject to the same illegal pay practice described in this complaint.

9.2. Other kitchen employees similarly situated to the Plaintiff work or have worked for Defendant as cooks on a "straight time wage" basis, and as such were not paid overtime at the rate of one and one-half their regular rate when their workweek exceeded forty (40) hours. Furthermore, these same employees were denied pay at the federally-mandated minimum wage rate.

9.3. Defendant required all of its cooks to work on a "straight time wage" basis during the last three years.

9.4. All cooks employed by Defendant are subject to the same "straight time pay" compensation scheme, which does not provide for any additional compensation for overtime worked.

9.5. Although Defendant permitted and/or required the Class Members to work in excess of forty hours per workweek, Defendant has denied them full compensation for their hours worked over forty.

9.6. Defendant has also denied them full compensation at the federally mandated minimum wage rate.

9.7. The Class Members perform or have performed the same or similar work as the Plaintiff.

9.8. Class Members regularly work or have worked in excess of forty hours during a workweek.

9.9. Class Members are not exempt from receiving overtime and/or pay at the federally mandated minimum wage rate under the FLSA.

9.10. As such, Class Members are similar to the Plaintiff in terms of job duties, pay structure, and/or the denial of overtime and minimum wage.

9.11. Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

9.12. The experiences of the Plaintiff, with respect to his pay, are typical of the experiences of the Class Members.

9.13. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

9.14. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

9.15. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

9.16. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendant that caused harm to all Class Members.

9.17. Due to the inherent nature of a "straight time" pay policy, all of the employees participating in such pay plan are similarly situated with respect to the violation.

9.18. As such, the class of similarly situated Plaintiffs is properly defined as follows:

**All of Defendant's current and former kitchen workers working anytime from three (3) years prior to the filing of this lawsuit to the present.**

## 10. DAMAGES SOUGHT

10.1. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

10.2. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

10.3. Plaintiff and Class Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. §216(b).

10.4. Plaintiff and Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. §216(b).

## 11. PRAYER

11.10. WHEREFORE, Plaintiff and Class Members respectfully pray that Defendant be cited to appear and answer, and that on final hearing of this cause Plaintiff and Class Members have the following relief:

- 11.10.1. Grant Plaintiff and Class Members their unpaid overtime wages at the federally mandated rate;
- 11.10.2. Grant Plaintiff and Class Members their unpaid minimum wages at the federally mandated rate;
- 11.10.3. Liquidated damages;
- 11.10.4. Attorneys' fees;
- 11.10.5. All costs of court;
- 11.10.6. Such other and further relief, at law or in equity, general or special to which Plaintiff and Class Members may show them justly entitled.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP.

_/s/ *Martin A. Shellist*_____
MARTIN A. SHELLIST
State Bar No. 00786487
Federal ID No. 16456
RICARDO J. PRIETO
State Bar No. 24062947
Federal ID No. 1001658
11Greenway Plaza, Suite 1515
Houston, Texas 77046
(713) 621-2277 (Tel)
(713) 621-0993 (Fax)

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS